STATE OF NORTH CAROLINA v. JOSEPH THOMAS EDMONDS

No. 653PA82

(Filed 3 May 1983)

**Appeal and Error § 45; Criminal Law § 166— stenographic transcript of trial—reproduction of relevant portions in brief or appendix**

Whenever a stenographic transcript is used in lieu of narrating the evidence into the record, Appellate Rule 28(b)(4) does not require that all verbatim reproductions of segments of the transcript be placed in an appendix to the brief. Rather, Rule 28(b)(4) requires that all relevant portions of the transcript be reproduced in either the brief or its appendix, and the appendix method should be employed when the question presented requires long verbatim reproductions of the transcript. App. Rule 9(c).

State v. Edmonds

ON defendant's petition for discretionary review of the decision of the Court of Appeals, 59 N.C. App. 359, 296 S.E. 2d 802 (1982) (opinion by *Whichard, J.*, with *Vaughn, J.* (now Chief Judge) and *Wells, J.*, concurring), dismissing defendant's appeal for failure to observe the requirements of Rule 9(c)(1) and Rule 28(b)(4) of the Rules of Appellate Procedure.

Defendant seeks to vacate the decision of the Court of Appeals dismissing his appeal and have his appeal determined on the merits. In addition, defendant requests a review of his assignments of error be made by this Court. We agree with the defendant's contention that his appeal before the Court of Appeals should not have been dismissed. However, we do not review the merits of his appeal but only vacate the dismissal of defendant's appeal and remand this case to the Court of Appeals for a determination on the merits.

The State presented evidence at trial that tended to show that Phillip Lockhart, the victim, was driving through Weldon, North Carolina, around eleven o'clock on the night of 29 October 1979, when he stopped to get some gasoline at an automatic gasoline pump. At that time Lockhart was approached by two men who needed a ride to the park in Weldon. One of the men, Lonnie Clanton, was an acquaintance of the victim while the other man, the defendant, was unknown to the victim. Lockhart agreed to give the men a ride but became lost on the way to the park. At some point the defendant asked Lockhart to stop the car, at which time defendant pulled a sawed-off shotgun from under his coat and pointed it at Lockhart. The defendant told Lockhart that it was a "stick-up" and he directed Lonnie Clanton, who was in the back seat, to take Lockhart's watch, gloves and bracelet. This was done and the defendant then took Lockhart's wallet from the victim's back pocket. Defendant then told Clanton to get the keys to the car, which he did.

After the robbery a scuffle ensued between Lockhart and the defendant, who was aided by Clanton. After the defendant threatened to kill Lockhart, he escaped by throwing his coat at the defendant and fleeing into the bushes. Lockhart went to a nearby house and was subsequently taken to the police. He returned to the scene of the robbery with a state trooper and found his car in a ditch.

On the evening of 30 October 1979, the day after the robbery, Officer Green of the Halifax Sheriff's Department went to a residence near Weldon and found the defendant and Clanton in a bedroom, behind the door, and he arrested both men. A subsequent search of that residence resulted in the recovery of a sawed-off shotgun and some shells. The officer also recovered a bracelet and a set of car keys at the defendant's cousin's residence. In addition, a pair of driving gloves was recovered from the possession of the defendant in response to interrogation. At trial, Mr. Lockhart testified that the gloves recovered belonged to him. Mr. Lockhart further testified that the watch, the bracelet and the car keys offered into evidence at trial were the same items taken from him during the robbery. He also identified the shotgun recovered by Officer Green as the weapon used during the robbery.

The defendant presented evidence that he was a resident of New Jersey and that he came to North Carolina to visit relatives. His evidence tended to show the following: That he accompanied Lonnie Clanton on the evening of 29 October 1979 for the purpose of selling a sawed-off shotgun to a friend at the park in Weldon. While walking to the park, Clanton and the defendant stopped at a convenience store to buy some wine. After buying some wine the defendant and Clanton met Lockhart who agreed to drive them to the park and back to the store for two dollars ($2.00). Lockhart then offered to give the two men a free ride if they would share a marijuana cigarette with him. The defendant testified that at some point Lockhart exchanged his watch for two marijuana cigarettes.

After the three men had drunk some wine and liquor and had smoked some marijuana, a dispute arose. Lockhart grabbed the shotgun and a scuffle ensued resulting in the car being driven into a ditch. Lockhart then fled the scene after which the defendant took the car keys and bracelet from the car. Defendant testified that he did not need any money because he had over three hundred dollars in his pocket at the time of the incident. He further testified that he intended to return the gloves to Lockhart and he thought Clanton intended to return the keys and bracelet.

At the end of all the evidence the defendant was convicted by a jury of armed robbery. On 4 June 1980, Tillery, J., entered

judgment imprisoning defendant for thirty years. On 16 November 1981 the Court of Appeals allowed defendant's petition for Writ of Certiorari. On 2 November 1982 the Court of Appeals dismissed defendant's appeal for failure to comply with Rule 9(c)(1) and Rule 28(b)(4) of the Rules of Appellate Procedure. We granted defendant's petition for discretionary review on 11 January 1983.

*Rufus L. Edmisten, Attorney General, by Elizabeth C. Bunting, Assistant Attorney General, for the State.*

*Adam Stein, Appellate Defender, by Malcolm R. Hunter, Jr., Assistant Appellate Defender, for the defendant.*

COPELAND, Justice.

Defendant contends he is entitled to have his appeal heard on the merits and that the Court of Appeals misconstrued the requirements of Rule 28(b)(4) of the Rules of Appellate Procedure. Specifically, the defendant appellant argues that Rule 28(b)(4) does not require that all verbatim reproductions of segments of the transcript be placed in an appendix to the brief. We agree with the defendant's contention and reverse the decision of the Court of Appeals.

Rule 28(b)(4) provides:

If pursuant to Rule 9(c)(1) appellant utilizes the stenographic transcript of the evidence in lieu of narrating the evidence as part of the record on appeal, and if there are portions of the transcript which must be reproduced verbatim in order to understand a question presented in the brief *and if, because of length, a verbatim reproduction is not contained in the body of the brief itself,* such verbatim portions of the transcript shall be attached as appendixes to the brief. Reference may then be made in the argument of the question presented to the relevant appendix. It is not intended that an appendix be compiled to show the general nature of evidence relating to a particular question presented in the brief. (Emphasis added.)

Those portions of the above cited rule which are emphasized indicate that an appendix is not contemplated for each question that requires a verbatim reproduction of a part of the transcript

in order to understand that question. Instead, Rule 28(b)(4) is designed to ensure that verbatim reproductions appear either in the brief itself or in an appendix to the brief. The appendix method should be employed when the question presented requires long verbatim reproductions of the transcript. Placing such reproductions in an appendix serves the dual purpose of providing the reviewing court with all the information necessary in order to make an informed determination while preserving the clarity and directness of the argument.

Under Rule 9(b)(3) of the Rules of Appellate Procedure, the record on appeal in a criminal action "shall contain: (v) So much of the evidence . . . as is necessary for understanding of all errors assigned. . . ." Rule 9(c) provides for an alternative to narrating the evidence into the record; that is, the filing of a complete stenographic transcript with the Clerk of the Court in which the appeal is docketed. Whichever method is chosen, the result must be the same: to-wit, to provide the reviewing court with all the information necessary to understand each question presented. Although a complete stenographic transcript contains all the evidence in a case, it is too time consuming and too burdensome a task to expect each member of the reviewing court to search through pages of the transcript in order to find those passages necessary to the understanding of each question presented. Therefore it is imperative that whenever a stenographic transcript is used in lieu of narrating the evidence into the record, all relevant portions of the transcript must be reproduced in either the brief or its appendix.

In 306 North Carolina Reports we repealed the Appendix of Tables and Forms to the North Carolina Rules of Appellate Procedure and adopted a new series of appendixes. Under newly adopted Appendix E: Content of Briefs; Appendix to the Brief under the Transcript Option, we state, "counsel is encouraged to cite, narrate, and quote freely within the body of the brief. However, if because of length a verbatim quotation is not included in the body of the brief, that portion of the transcript and others like it shall be gathered into an appendix to the brief. . . ." It must be kept in mind by every appellate advocate that *all* information necessary to a clear understanding of the questions presented should appear in the brief or in its appendix.

We have carefully reviewed the record and the briefs in the case *sub judice* and we find that the defendant has complied with the minimum requirements of Rule 28(b)(4) of the Rules of Appellate Procedure. However, we recommend that all appellate advocates strive to exceed the minimum standards of Rule 28(b)(4). If the reproduced portions of a transcript, wherever located, do not provide information sufficient in order to understand the question presented, the appeal on that question must be dismissed.

We therefore vacate the decision of the Court of Appeals and remand this case to that Court for a determination on the merits.

Vacated and remanded.